IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BELTRAN, | 1:10-cv-01623-JLT (HC) |
| Petitioner, | ORDER TRANSFERRING CASE TO THE SACRAMENTO DIVISION OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA |
| vs. | |
| BOARD OF PAROLE HEARINGS | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

-1-

1    In a habeas matter, venue is proper in either the district of conviction or the district of
2 confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the
3 proper forum in which to review such a claim is the district of confinement.  See Dunn v.
4 Henman, 875 F.2d 244, 249 (9th Cir. 1989)(stating that, in a 28 U.S.C. § 2241 action, "[t]he
5 proper forum to challenge the execution of a sentence is the district where the prisoner is
6 confined.")
7    In this case, petitioner is challenging the denial of parole suitability by the Board of
8 Parole Hearings; therefore, he is challenging the execution of his sentence, not his conviction.
9 Hence, the petition should have been filed in the forum where Petitioner is presently confined.
10 Petitioner is presently confined at Mule Creek State Prison, which is located in Ione, Amador
11 County, California, which lies within the Sacramento Division of this Court.  Thus, the petition
12 should have been filed in the Sacramento Division of the United States District Court for the
13 Eastern District of California.  Pursuant to Local Rule 120(f), a civil action which has not been
14 commenced in the proper division of a court may, on the court's own motion, be transferred to
15 the proper division of the court.  Therefore, this action will be transferred to the Sacramento
16 Division of this Court.

   Good cause appearing, IT IS HEREBY ORDERED that:

   1.  This action is transferred to the United States District Court for the Eastern District of
California sitting in Sacramento; and,

   2.  All future filings shall reference the new Sacramento case number assigned and shall
be filed at:

   United States District Court
   Eastern District of California
   501 "I" Street, Suite 4-200
   Sacramento, CA 95814

IT IS SO ORDERED.

Dated:   **September 14, 2010**           **/s/ Jennifer L. Thurston**

UNITED STATES MAGISTRATE JUDGE